UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff/Respondent,

v.

Robert Garcia,

    Defendant/Petitioner.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 10-275 (02) (MJD)

_____

Nathan H. Nelson, Assistant United States Attorney, Counsel for Respondent.

Petitioner, *pro se*.

_____

This matter is before the Court upon Petitioner's motion under Rule 60 (b)(6) of the Federal Rules of Criminal Procedure[1]. [Doc. No. 257]

I. **Background**

On February 18, 2011, Petitioner was found guilty by a jury of Count 1 of the Indictment which charged Conspiracy to Distribute and Possess with Intent

---

[1] Although Petitioner cites to the Rules of Criminal Procedure, Petitioner most likely intended to bring the motion under the Federal Rules of Civil Procedure, as Fed. R. Crim. P. 60 involves Victim's Rights.

1

to Distribute Controlled Substances, Methamphetamine and Oxycodone in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 and Count 3 which charged Possession with Intent to Distribute Approximately 320 Grams Methamphetamine (Actual) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2.

On December 13, 2011, Petitioner was sentenced to a term of imprisonment of 240 months on each count, to be served concurrently, followed by five years of supervised release. On appeal, Petitioner did not challenge his conviction, but he did challenge the Court's application of two sentencing enhancements under the sentencing guidelines. The Eighth Circuit rejected Petitioner's arguments on appeal and affirmed his sentence. United States v. Garcia, 703 F.3d 471 (8th Cir. 2013) pet. cert. denied Garcia v. United States, 134 S. Ct. 1048 (2014).

In response to the November 2014 amendments to the drug quantity table in the sentencing guidelines, which reflected a two-level reduction in the base offense level for each drug within the table, Petitioner filed a motion for a sentence reduction. By Order dated December 13, 2016, the motion was denied because Petitioner's guideline range remained the same even after applying the

lower base offense level.[2] On appeal, the Eighth Circuit affirmed the order denying his motion for resentencing. (Doc. No. 250 (Order dated January 17, 2017).)

Petitioner then filed an application with the Eighth Circuit for authorization to file a second or successive 28 U.S.C. § 2255 motion. The application was denied because Petitioner had not filed a previous motion under § 2255 before this Court. (Doc. No. 254 (Order dated August 14, 2018).) The Eighth Circuit transferred Petitioner's application to this Court for consideration as an initial § 2255 motion. (Id.) Thereafter, Petitioner filed the instant motion under Rule 60(b)(6).

## II. Standard of Review

Petitioner moves the Court to vacate his sentence and dismiss the Indictment pursuant to Rule 60(b)(6). Because Petitioner is seeking substantive relief from his conviction and sentence, the Court will construe the motion as a collateral attack brought pursuant to 28 U.S.C. § 2255. See Hill v. Morrison, 349

---

2 After applying the amended guidelines, Petitioner's total offense level was 40, criminal history category III, which results in the same applicable guideline range of 360 months to life as when he was first sentenced.

F.3d 1089, 1091 (8th Cir. 2003) ("It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . .").

Under Section 2255, "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Section 2255 is intended to provide federal prisoners a remedy for jurisdictional or constitutional errors. Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011). It is not intended to be a substitute for appeal or to relitigate matters decided on appeal. See Bousley v. United States, 523 U.S. 614, 621 (1998); Davis v. United States, 417 U.S. 333, 346-47 (1974)).

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citations omitted).

A petitioner is entitled to an evidentiary hearing on his § 2255 petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.A. § 2255(b). "[A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (internal citations omitted).

## III.  Timeliness

There is a one-year period during which a motion may be filed under Section 2255. This period begins to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date on which the impediment to making a motion created by government action in violation of the Constitution or the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; 3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively

applicable to cases on collateral review; or 4) the date on which the facts supporting the claims or claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In this case, Petitioner's conviction became final on January 27, 2014 – the date the United States Supreme Court denied his writ of certiorari following the decision of the Eighth Circuit Court of Appeals affirming his sentence. Accordingly, a timely petition under § 2255 had to be filed on or before January 27, 2015.

Petitioner did not file a petition under § 2255 or any other motion challenging his conviction or sentence in the time required.   His request to file a successive §2255 petition was filed with the Eighth Circuit on April 13, 2018, and the motion currently before the Court was filed on September 4, 2018.

In his filings, Petitioner has not alleged that the government prevented him from filing his petition earlier, that his motion is based on a constitutional right made retroactive on collateral review or that his motion is based on newly discovered evidence.   In fact, in his reply brief, Petitioner does not address the issue of timeliness despite the fact the government specifically raised the issue in

its opposition brief.

The limitations period under § 2255 may be equitably tolled only if Petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Martin v. Fayram, 849 F.3d 691, 698 (8th Cir. 2017) (citations omitted). A petitioner's lack of legal knowledge or legal resources is not sufficient to warrant equitable tolling. See Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000). In addition, a claim of ineffective assistance of counsel generally does not warrant equitable tolling. Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002).

On the record before it, the Court finds no basis upon which to equitably toll the limitations period. Petitioner has asserted a claim of ineffective assistance of counsel, claiming that counsel failed to conduct any pretrial investigations or to file a motion for a Bill of Particulars or to challenge the sufficiency of the Indictment, and failed to raise these issues on appeal. Petitioner does not claim, however, that counsel prevented him in any way of filing a timely motion under § 2255.

Based on the record, files and proceedings herein, the Court finds that Petitioner has not demonstrated that equitable tolling should be applied in this case.

**IV.    Claims Related to Sufficiency of the Indictment.**

In his motion, Petitioner asserts he was denied due process because the Indictment failed to put him on notice that he was being charged with aiding and abetting, as the charges did not include the precise language from the aiding and abetting statute.   Petitioner further claims the Indictment was defective because it did not carry the proper mens rea for a conviction under 21 U.S.C. § 841(a)(1) or 846.   Finally, Petitioner challenges the sufficiency of the Indictment by claiming that it failed to charge essential elements of the offense; that he acted knowingly and willingly and that it did not allege a drug quantity or give him notice of the statutory penalties.

A challenge to the sufficiency of the indictment is not cognizable in a section 2255 action absent exceptional circumstances.   <u>United States v. Shabazz</u>, 657 F.2d 189, 190 (8th Cir. 1981).   Petitioner does not allege exceptional circumstances, so his challenge to the sufficiency of the indictment is not

cognizable.   Even if the petition was timely, and the claims challenging the indictment were cognizable, the Court further finds the claims are without merit.

First, Petitioner argues Count 3 of the Indictment did not put him on notice that he was being charged with "aiding and abetting" because the words "aid and abets, counsel, commands, induces and procures" which are included in 18 U.S.C. § 2, were not listed in that Count.   An indictment need not use the specific words of a statute, however, as long as the language used alleges the offense by fair implication.   United States v. Villarreal, 707 F.3d 942, 957 (8th Cir. 2013). "An indictment is sufficient if 'it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution.'"   United States v. Cavins, 543 F.3d 456, 458 (8th Cir. 2008) (quoting United States v. Fleming, 8 F.3d 1264, 1265 (8th Cir.1993)).

Count 3 of the Indictment alleges that "[o]n or about June 24, 2010, in the State and District of Minnesota, the defendants . . . . each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute

9

approximately 320 grams of 'actual' methamphetamine, in violation of Title 21 United States Code Section 841(a)(1) and 841(b)(1)(A) and Title 18 United States Code Section 2."   This language clearly put Petitioner on notice that he was charged with aiding and abetting the crime of possession with intent to distribute methamphetamine.

Petitioner next argues that the Indictment failed to allege criminal intent. Again, a review of the Indictment shows this argument has no merit.   Count 1 alleged that Petitioner "knowingly and intentionally conspired" to distribute methamphetamine.   Count 3 similarly alleges that Petitioner "knowingly and intentionally possessed with intent to distribute methamphetamine."

Petitioner also claims the Indictment did not include a specific drug quantity and did not reference the penalty provisions, therefore he was not provided notice of the maximum penalty to which he faced.   The Indictment alleges, however, in Count 1 that Petitioner conspired to distribute 50 grams or more of actual methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and cited to 21 U.S.C. § 841(b)(1)(A) – the penalty provision of that statute which provides for a

mandatory minimum sentence of ten years and a statutory maximum life sentence. Count 3 also alleged Petitioner possessed with intent to distribute 320 grams of actual methamphetamine and cited to § 841(b)(1)(A).

**V.   Ineffective Assistance of Counsel**

Claims of ineffective assistance of counsel may constitute both cause and prejudice to excuse a procedural default. Boysiewick v. Schriro, 179 F.3d 616, 619 (8th Cir. 1999) (citation omitted). Such claims must be scrutinized under the two-part test of Strickland v. Washington, 466 U.S. 668 (1984). Under the Strickland test, Petitioner must prove that: 1) counsel's representation was deficient; and 2) counsel's deficient performance prejudiced Petitioner's case. Kingsberry v. United States, 202 F.3d 1030, 1032 (8th Cir. 2000) reh'g and reh'g en banc denied, (March 28, 2000).

To satisfy the first prong of the Strickland test, Petitioner must show that counsel's representation fell below an objective standard of reasonableness under professional norms. Strickland, 466 U.S. at 688. The inquiry should be whether counsel's assistance was reasonable considering all of the circumstances surrounding the case. Id. Judicial scrutiny of counsel's performance should be

highly deferential, and the general presumption is that counsel's conduct "falls within the wide range of reasonable professional assistance." Id. at 689.

To satisfy the second prong under the Strickland test, Petitioner must show that but for counsel's errors, the outcome of the proceedings would have been different. Id. at 691. The analysis may begin with the second prong and if Petitioner fails to show actual prejudice; the Court need not consider the reasonableness of counsel's behavior. Id.

Here, Petitioner claims his counsel was ineffective for failing to conduct any pretrial investigations, and had he done so, the outcome would have been different. He has made no showing of how such an investigation would have altered the outcome. In addition, he claims that counsel did not challenge the indictment or raise such arguments on appeal. But as discussed above, even if counsel had raised such arguments as to the sufficiency of the indictment, such arguments are without merit and would not have changed the outcome of this case.

Accordingly, because Petitioner has made no showing of prejudice, his claims of ineffective assistance of counsel are without merit.

## VI. Certificate of Appealability

With regard to the procedural rulings in this Order, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the decision on the merits, the Court concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate his Sentence and Dismiss the Indictment under Rule 60(b)(6) [Doc. No. 257] is **DENIED,** and the Court will not issue a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date:   February 13, 2019

                                         /s Michael J. Davis
                                         Michael J. Davis
                                         United States District Court