UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.                                        **MEMORANDUM OPINION AND ORDER**
                                        Crim. No. 10-275 (02) (MJD)

Robert Garcia,

      Defendant.
_____

      Katharine T. Buzicky, Assistant United States Attorney, Counsel for Plaintiff.

      Mark D. Nyvold, Counsel for Defendant.

_____

      This matter is before the Court on Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  [Doc. No. 281]

## I.   Background

      On February 18, 2011, a jury found Defendant guilty as to Counts 1 and 3 of the Indictment which charged Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C) and 846 and Aiding and Abetting Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2.

1

On December 13, 2011, Defendant was sentenced to a term of imprisonment of 240 months on each count, to be served concurrently, followed by five years of supervised release. Defendant is scheduled to be released from custody of the Bureau of Prisons ("BOP") on January 27, 2028.

Defendant now moves the Court for an Order granting his request for relief and to modify his sentence to impose a supervised release term that does not exceed the unserved portion of his original sentence with conditions the Court deems appropriate.

**II.   Motion to Reduce Sentence**

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant

such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The United States Sentencing Guidelines define in pertinent part "extraordinary and compelling reasons" due to medical condition of the defendant as:

> (ii) The defendant is—
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A).

### III. Discussion

Defendant must first exhaust his administrative remedies before the Court can grant him any relief under § 3582(c)(1)(A). Defendant filed a request for reduction in sentence to the warden on June 23, 2020. (Doc. No. 283 at p. 5.) In his request, he noted that he suffers from the following medical conditions: High

Blood Pressure, High Cholesterol, Diabetes, bleeding in his eyes and scarring to his lungs. (Id.) His request was denied on July 4, 2020. (Id. at 6.) In his motion for compassionate release, Defendant acknowledges that his administrative request for release did not cite his obesity but notes that his medical records show his obesity has been a long-standing condition. Further, the BOP has recognized that Defendant is obese, and has attempted to treat this condition. (Doc. No. 283 at 23, 40.) The government argues that because Defendant did not address his obesity in his administrative request, he has not exhausted his administrative remedies as to that claim.

    Based on the record before it, it is clear that the BOP would have been aware of Defendant's medical history as it had access to his prison medical records. Those records clearly indicate that Defendant was categorized as obese. Therefore, the Court finds that Defendant's request to the warden is sufficiently similar to the motion before the Court such that the Court can find he has exhausted his administrative remedies. See United States v. Gluzman, 7:96-cr-323, 2020 WL 4233049, at *11-12 (S.D.N.Y. July 23, 2020) (finding § 3582(c)(1)(A) contains no requirement that the basis for a motion for compassionate release must be identical to the basis of the defendant's request to the warden).

As to the merits of Defendant's motion, the Court finds that Defendant has failed to show "extraordinary and compelling reasons" due to medical condition or age.  See U.S.S.G. § 1B1.13, cmt. 1(A).  Defendant is 51 years old.  While he may suffer medical conditions that increase his risk of serious illness should he contract COVID-19, his medical records indicate his medical needs are being addressed.  Accordingly, Defendant has not demonstrated that he suffers from a medical condition for which the BOP is unable to provide him appropriate medical treatment or one which substantially diminishes his ability to provide self-care within the environment of a correctional facility and one from which is he not expected to recover.

Further, the BOP has in place protocols such as social distancing, hygienic and cleaning protocols and quarantining and treatment of inmates with symptoms of COVID-19 and those who come into contact with them.  See www.bop.gov/coronavirus/index.jsp.  At this time, the facility at which Defendant is housed, USP Lewisburg, reports no current cases involving inmates, and 8 current cases involving staff.

A sentence reduction in this case would also be contrary to the factors set forth in 18 U.S.C. § 3553(a).  Defendant was convicted of conspiracy to distribute

methamphetamine. Given his role in the offense conduct – the leader and supplier of a conspiracy to distribute methamphetamine and oxycodone – and the fact he was a member of a violent motorcycle club, Defendant poses a danger to the community. See United States v. Cantu, 935 F.2d 950, 952 (8th Cir. 1991). Defendant has also been sanctioned while in prison for various infractions, including the possession of Suboxone and other unauthorized items. (Doc. No. 286 (Disciplinary Records).)

The Court further finds that a sentence reduction would not reflect the seriousness of the offenses of conviction, promote respect for the law or provide a just punishment. In addition, a sentence reduction would create unwarranted sentencing disparities among defendants and would not afford adequate deterrence for the offense committed.

IT IS HEREBY ORDERED that Defendant's Motion For Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. No. 281] is **DENIED**.

Date:   September 11, 2020

s/ Michael J. Davis  
Michael J. Davis  
United States District Court