UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

          Plaintiff,

v.

ROBERT GARCIA,

          Defendant.

MEMORANDUM OPINION
AND ORDER
Crim. No. 10-275 (02) (MJD)

Katharine T. Buzicky, Assistant United States Attorney, Counsel for Plaintiff.

Robert Garcia, Defendant, pro se.

This matter is before the Court on Defendant's Second Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (Doc. 295.)

I.   **Background**

On February 18, 2011, a jury found Defendant guilty as to Counts 1 and 3 of the Indictment, which charged Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C) and 846 and Aiding and Abetting Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2.

1

On December 13, 2011, the Court sentenced Defendant to a term of imprisonment of 240 months on each count, to be served concurrently, followed by five years of supervised release. Defendant is scheduled to be released from custody of the Bureau of Prisons ("BOP") on May 27, 2027. Find an inmate, https://www.bop.gov/inmateloc/ (last accessed July 31, 2024.)

Defendant previously moved the Court for compassionate release based on his age, high blood pressure, high cholesterol, diabetes, bleeding in his eyes, scarring in his lungs, and obesity. (Doc. 288 at 3-4.) Ruling on the merits of his arguments, the Court denied his motion because Defendant failed to establish "extraordinary and compelling reasons" due to his medical conditions or age. (Id. at 5.) The Court also found that a sentence reduction in this case would be contrary to the factors set for in 18 U.S.C. 3553(a) given Defendant's role in the offense conduct. (Id. at 6.) The Court further found that a sentence reduction would not reflect the seriousness of the offenses of conviction, promote respect for the law or provide a just punishment. (Id.) In addition, a sentence reduction would create unwarranted sentencing disparities among defendants and would not afford adequate deterrence for the offense committed. (Id.)

Currently before the Court, Defendant argues that his release is needed to care for his fiancée who has been diagnosed with colorectal cancer. (Doc. 295 at 1.) Defendant claims that his fiancée received care from her parents, but that they can no longer care for her because her father was diagnosed with cancer and her mother with "heart problems." (Id. at 1, 8.)

## II.   COMPASSIONATE RELEASE

### A. Exhaustion Requirement

Under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), the Court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,

> reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).  The administrative exhaustion requirement is a mandatory claim-processing rule.  United States v. Houck, 2 F.4th 1082, 1084 (8th Cir. 2021).  Failure to exhaust administrative remedies prior to filing a motion requires a district court to dismiss the motion without prejudice.  Id.

3

Defendant concedes that his administrative remedies were not exhausted before bringing this motion. (Doc. 302 at 2.) Therefore, the Court is required to dismiss the motion without prejudice. Houck, 2 F.4th at 1084.

### B. Extraordinary and Compelling Reasons

Even if the Court were to consider Defendant's arguments on the merits, the Court finds that Defendant fails to show that "extraordinary and compelling reasons" exist due to his family circumstances.

Extraordinary and compelling reasons exists if "defendant's spouse or registered partner" became incapacitated "when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13(b)(3)(B).

While the Court is sympathetic to Defendant's fiancée's and her parents' health conditions, Defendant has not shown that his fiancée is incapacitated or that he is needed as a caregiver. The record lacks any specificity as to the severity of his fiancée's cancer and her parents' health problems. Thus, there is no evidence that she cannot care for herself. Nor is there evidence that his fiancée's parents could not assist her despite their health conditions. In

4

summary, the evidence presented is insufficient to meet the standard and fails regardless of whether Defendant exhausted his administrative remedies.

## III.     ORDER

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Robert Garcia's Second Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) **[Doc. 295] is DISMISSED without prejudice**.

Date:   August 12, 2024

s/Michael J. Davis
Michael J. Davis
United States District Court
